## TURNERS FALLS POWER & ELECTRIC CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26306.   Promulgated March 20, 1929.

*Howard W. Brown, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

OPINION.

SMITH: This case has been tried and argued upon the theory that its decision would turn upon the question of an exchange of property for other property, and that the loss or gain would be the difference between the cost of the notes held by the petitioner, and which represented cost plus the value of the scrip dividend note, and the

market value of the stock and property received in exchange. In support of this theory two witnesses, one of them representing the petitioner, and the other representing the stockholding interests of the cutlery company, have given opinion testimony as to the fair market value of the new cutlery company stock and of the plant and equipment. We have no doubt of the competency of these witnesses to testify as to the values of these properties, and in view of the fact that all parties in interest have agreed that for the purposes of the transactions then taking place the value of the real estate and factory equipment was $300,000 and the value of the 1,200 shares of stock received by the petitioner was $102,000, we accept those figures as representing a true value of the properties received by the petitioner in exchange for the notes surrendered.

The statutory provisions of the Revenue Act of 1921 which require special consideration are the following:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; * * *

* * * * * * *

(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

* * * * * * *

(2) When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization. The word "reorganization," as used in this paragraph, includes a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or of substantially all the properties of another corporation), recapitalization, or mere change in identity, form, or place of organization of a corporation, (however effected) ; * * *

Even though it be granted that there was a reorganization of the John Russell Cutlery Co., the petitioner did not in place of stock or securities of the old company receive stock or securities in the new corporation. In exchange for the notes of the old company it received a certain number of shares of stock of the new corporation and real estate and factory equipment of a determined value of $300,000. If the property received in exchange had a fair market value in excess of the cost to the petitioner of the notes sold by the petitioner, such excess value is taxable income within the meaning of the statute.

The record establishes that all of the notes surrendered by the petitioner, except the scrip dividend note, represented cost in the

total amount of $397,500. The note representing the scrip dividend was still held by the original payee and represented no element of cost to it. We are, therefore, of the opinion that this note can not be used as a basis of any value in connection with the exchange of notes for properties which took place as a result of the reorganization of the cutlery company. We are thus brought to the conclusion that the petitioner surrendered notes representing a cost to it of $397,500 and received in exchange stock and property of a then agreed value of $402,000, and that the transaction thus resulted in the petitioner then realizing a gain in the amount of $4,500.

As to the matter of the interest item of $42,016.67, the record establishes the fact that all of petitioner's business transactions and relations with the cutlery company were outside the realm of its regular business; that they represented investments in stock and loans to a separate business organization; that the loans were made largely to protect stock investments; that the cutlery company, at least from 1918 to 1923, was chronically suffering from financial embarrassment; that during these years petitioner was in imminent danger, not only of not collecting interest upon its loans but of actually losing much of the value of such loans; and that at no time, at least between the first of January, 1921, and December 15, 1923, could the petitioner have anticipated the collection of interest upon the notes representing its advances. We are therefore of the opinion that in spite of the fact that petitioner's business accounts were kept on the accrual basis, interest upon these notes was not a properly accruable item and that when such interest was computed as a part of the transactions involved in the refinancing of the cutlery company it should not have been reflected as accrued interest in the income accounts of the petitioner. Cf. *Great Northern Railway Co.*, 8 B. T. A. 225, where we said:

* * * The company [the debtor] was not earning any interest on its obligations and had not been for many years. The petitioner derived no income from the interest accruable upon bonds of this [debtor] company during the taxable years and the addition to the reported income of the petitioner of any amount for interest upon these obligations was in error.

We are therefore of the opinion that this item of $42,016.67 should not be included or reflected in the taxable income of the petitioner for the year 1923.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

Trussell, dissenting in part: I am not in accord with that part of the views of the majority of the Board respecting the matter of loss or gain resulting from the exchanges made according to the facts in

this case. The most conspicuous fact disclosed by this record is that a reorganization of the cutlery company was brought about on December 15, 1923, and a complete recapitalization of the company resulted. I am of the opinion that this reorganization and recapitalization was of such a character as is contemplated by section 202 (c) (2) of the Revenue Act of 1921 and that no gain or loss should be predicated upon these transactions.